1  Michael J. Wise, Bar No. 143501
   MWise@perkinscoie.com
2  Joseph P. Hamilton, Bar No. 211544
   JHamilton@perkinscoie.com
3  Lara J. Dueppen, Bar No. 259075
   LDueppen@perkinscoie.com
4  PERKINS COIE LLP
   1888 Century Park E., Suite 1700
5  Los Angeles, CA 90067-1721
   Telephone: 310.788.9900
6  Facsimile: 310.788.3399

7  Attorneys for Plaintiffs
   *FONTEM VENTURES B.V.* and
8  *FONTEM HOLDINGS 1 B.V.*

9

10             UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

| 13 | FONTEM VENTURES B.V., a Netherlands company; and FONTEM HOLDINGS 1 B.V., a Netherlands company, | Case No. CV14-8156 |
|---|---|---|
| 14 | | **COMPLAINT FOR PATENT INFRINGEMENT** |
| 15 | Plaintiffs, | |
| 16 | v. | **DEMAND FOR JURY TRIAL** |
| 17 | FIN BRANDING GROUP, LLC, an Illinois limited liability company; ELECTRONIC CIGARETTES INTERNATIONAL GROUP, LTD., a Nevada Corporation, and DOES 1-5, Inclusive, | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | Defendants. | |

For its Complaint against Defendant FIN BRANDING GROUP, LLC and ELECTRONIC CIGARETTES INTERNATIONAL GROUP, LTD. (together, "the Defendants"), Plaintiff Fontem Ventures B.V. ("Fontem Ventures") and Plaintiff Fontem Holdings 1 B.V. ("Fontem Holdings") allege as follows:

## JURISDICTION AND VENUE

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101, et seq., and in particular § 271.

2. This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over the Defendants because it solicits and conducts business in California, including the provision of goods over the Internet, derives revenue from goods sold in California and within this judicial district, and has committed acts of infringement in this judicial district.

4. Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## PARTIES

5. Plaintiff Fontem Ventures is a company organized and existing under the laws of the Netherlands, with its principal place of business at 12th Floor, 101 Barbara Strozzilaan, 1083 HN Amsterdam, The Netherlands. Fontem Ventures is in the business of developing innovative non-tobacco products, including electronic cigarettes.

6. Plaintiff Fontem Holdings is a company organized and existing under the laws of the Netherlands, with its principal place of business at 12th Floor, 101 Barbara Strozzilaan, 1083 HN Amsterdam, The Netherlands.

7. Plaintiffs Fontem Ventures and Fontem Holdings (together, "the Plaintiffs") are informed and believe that: Defendant FIN BRANDING GROUP, LLC ("FIN") is a limited liability company organized and existing under the laws of the State of Illinois, having its principal place of business at 4080 Commercial

1  Ave., Northbrook, Illinois, 60062-1829, USA.  FIN is doing business in this judicial
2  district related to the claims asserted in this Complaint.
3     8. The Plaintiffs are informed and believe that: Defendant
4  ELECTRONIC CIGARETTES INTERNATIONAL GROUP, LTD. ("ECIG") is a
5  corporation organized and existing under the laws of the State of Nevada, having its
6  principal place of business at 11335 Apple Drive, Nunica, Michigan, 49448, USA.
7  ECIG is doing business in this judicial district related to the claims asserted in this
8  Complaint.
9     9. The Plaintiffs are informed and believe that: On February 12, 2014,
10 ECIG (f/k/a Victory Electronic Cigarettes Corporation) and FIN announced an
11 agreement to merge their two companies, creating a single electronic cigarette
12 company.[1]  Therefore, as of the same date, ECIG is privy to all knowledge had by
13 FIN with respect to this Complaint.  As of the date of filing this Complaint, FIN
14 continues to sell its FIN and Finiti brands of electronic cigarette and ECIG
15 continues to sell its VICTORY brand of electronic cigarette.
16    10. The true names and capacities, whether individual, corporate,
17 associate, or otherwise of Defendants sued herein as DOES 1 through 5, inclusive,
18 are unknown to the Plaintiffs at the present time, and the Plaintiffs therefore sue
19 said Defendants by such fictitious names.  The Plaintiffs, after obtaining leave of
20 court, if necessary, will amend this Complaint to show such true names and
21 capacities when the same have been ascertained.

## FIRST CAUSE OF ACTION
(Infringement of U.S. Patent No. 8,863,752)

24    11. The Plaintiffs incorporate by reference the allegations contained in
25 paragraphs 1-10 above.

---

[1] *See* http://ecig.co/press-release/victory-electronic-cigarettes-and-fin-branding-group-complete-merger-creating-one-of-the-worlds-largest-independent-ecig-companies/ (last visited October 20, 2014).

1  12. Plaintiff Fontem Holdings is the owner of the entire right, title, and
2  interest in and to United States Patent No. 8,863,752 ("the '752 Patent") and
3  Plaintiff Fontem Ventures is the exclusive licensee of the '752 Patent. The '752
4  Patent was duly and legally issued by the United States Patent Office on October
5  21, 2014 and is valid, subsisting, and in full force and effect. A copy of the '752
6  Patent is attached to the Complaint as Exhibit A.

7  13. The Plaintiffs are informed and believe that: Defendant has directly
8  infringed the '752 Patent in violation of at least 35 U.S.C. § 271(a), by itself and/or
9  through its agents, unlawfully and wrongfully making, using, importing, offering to
10 sell, and/or selling electronic cigarette products embodying one or more of the
11 inventions claimed in the '752 Patent, within and/or from the United States without
12 permission or license from the Plaintiffs, and will continue to do so unless enjoined
13 by this Court. Examples of electronic cigarette products that directly infringe the
14 '752 Patent either literally or under the doctrine of equivalents include, but are not
15 limited to, (1) FIN Rechargeable Electronic Cigarettes as found in Starter Kits such
16 as the FIN Rechargeable Starter Kit, the FIN Rechargeable Deluxe Kit, and the FIN
17 Rechargeable Platinum Kit; and (2) FIN Cartomizer Refill Packs for use with FIN
18 Rechargeable Batteries purchased separately or as part of a FIN Starter Kit; (3)
19 VICTORY Rechargeable Electronic Cigarettes as found in Starter Kits such as the
20 VICTORY Mega E Cigarette Starter Kit, the VICTORY Premium Electronic
21 Cigarette Starter Kit, the VICTORY Rechargeable Deluxe Kit, and the VICTORY
22 Basic Rechargeable Starter Kit; and (4) VICTORY Refill Cartridges for use with
23 VICTORY Rechargeable Batteries purchased separately or as part of a VICTORY
24 Starter Kit. Such products infringe at least claims 1, 11, 14, 16, and 19 of the '752
25 Patent.

26 14. As a direct and proximate result of the foregoing acts of Defendant, the
27 Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet
28 determined. The Plaintiffs are also entitled to the costs of suit and interest.

15. Defendant's continuing infringement has inflicted and, unless restrained by this court, will continue to inflict great and irreparable harm upon the Plaintiffs. The Plaintiffs have no adequate remedy at law. The Plaintiffs are entitled to preliminary and permanent injunctions enjoining Defendant from engaging in further acts of infringement.

## PRAYER FOR RELIEF

The Plaintiffs request entry of judgment that:

A. The '752 Patent is valid and enforceable;

B. Defendant is liable for infringement of the '752 Patent under at least the provisions of 35 U.S.C. § 271(a);

C. Defendant and all affiliates, subsidiaries, officers, employees, agents, representatives, licensees, successors, assigns, and all those acting in concert with, or for or on behalf of Defendant, shall be enjoined from infringing the '752 Patent;

D. Defendant shall pay damages to the Plaintiffs resulting from Defendant's patent infringement pursuant to 35 U.S.C. § 284;

E. The Plaintiffs be entitled to prejudgment interest and post-judgment interest on the damages; and

F. The Plaintiffs be awarded such other and further relief, in law or in equity, as the Court deems just, equitable or appropriate.

DATED: October 21, 2014

Respectfully submitted,

**PERKINS COIE LLP**

By: */s/Joseph P. Hamilton*
Joseph P. Hamilton

Attorneys for Plaintiff
*FONTEM VENTURES B.V.* and
*FONTEM HOLDINGS 1 B.V.*

## **DEMAND FOR JURY TRIAL**

Plaintiffs Fontem Ventures and Fontem Holdings hereby demand a trial by jury of all issues triable by a jury.

DATED: October 21, 2014

**PERKINS COIE LLP**

By: */s/Joseph P. Hamilton*
    Joseph P. Hamilton

Attorneys for Plaintiff
*FONTEM VENTURES B.V.* and
*FONTEM HOLDINGS 1 B.V.*